UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JASMINE DAMARQONAE BRADLEY | CIVIL ACTION NO. 15-cv-0649 |
| VERSUS | JUDGE WALTER |
| STEVEN MILLER | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Jasmine Damarqonae Bradley ("Plaintiff"), who is self-represented, commenced this civil action by filing a one-page handwritten complaint that appears to complain that her tax preparer wrongfully deprived her of her refund. The complaint alleges that Plaintiff filed for a refund "with the defendant," whom the complaint does not identify. An accompanying motion to proceed in forma pauperis indicates that the defendant is Steven Miller. Plaintiff describes various deposits of refund proceeds allegedly credited to a Netspend card. Plaintiff states that the Netspend company told her the money was "sent back to the IRS," but the IRS told her that no money was returned to it. Plaintiff's complaint is not clear, but she appears to allege that her tax preparer somehow deprived her of her tax refund money. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. <u>Torres v. Southern Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the

complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not make clear which of those, if either, she relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

Section 1332 requires complete diversity of citizenship, meaning the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Plaintiff is presumably a citizen of Louisiana; she provides no contrary information. Accordingly, the court may not exercise diversity jurisdiction if any defendant is also a citizen of Louisiana. Plaintiff does not provide an address for Steven Miller, but it appears he is a local tax preparer. If so, he is probably a Louisiana citizen and would destroy diversity. Section 1332 also requires that the amount in controversy exceed $75,000. Plaintiff does not pray for a particular amount of damages, but the various figures she mentions in her complaint indicate that only a few thousand dollars, probably less than $10,000 total, is at issue. That is not sufficient to invoke the diversity jurisdiction of the federal court.

The complaint also lacks a basis for the exercise of federal question jurisdiction under Section 1331. Jurisdiction is appropriate under that statute only when the complaint asserts a claim that arises under federal law. A claim arises under federal law within the meaning of Section 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S.Ct. 2121 (2006). Plaintiff's claims appear to be for breach of contract or conversion of money. Such claims arise under state law rather than federal law. The fact that the converted funds may have come from a federal source is not sufficient to make Plaintiff's claim for breach of contract or conversion arise under federal law. There is no federal question jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff's complaint does not satisfy her obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over her claims. The court has no choice but to dismiss her complaint. If Plaintiff wishes to pursue her claims, she should file a complaint in the state district court or city court that has jurisdiction and is a proper venue for her claim. The federal court is simply not the proper court to resolve her complaint.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of July, 2015.

Mark L. Hornsby
U.S. Magistrate Judge